UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60276-CR-Singhal

UNITED STATES OF AMERICA

vs.

CHRISTOPHER MIANO,

           Defendant.

_____/

## AGREED FACTUAL BASIS FOR GUILTY PLEA

Beginning in or around approximately January 2018 and continuing through in or around approximately April 2019, in Broward County, the Southern District of Florida, and elsewhere, the defendant, CHRISTOPHER MIANO ("MIANO"), knowingly and willfully conspired and agreed with others to solicit and receive illegal health care kickbacks, in violation of Title 18, United States Code, Section 371. Medicare is a "health care benefit program" as defined in Title 18, United States Code, Section 24. Furthermore, Medicare is a health care benefit program affecting commerce.

MIANO was an owner of eLab Partners Inc., a Florida corporation with its principal place of business in the Southern District of Florida. MIANO was a patient broker who referred Medicare beneficiaries to laboratories and others in exchange for bribes and kickbacks. The laboratories included Personalized Genetics, LLC, Med Health Services Management, LP, and Trinity Clinical Laboratories, LLC (the "Labs"). In exchange for referring beneficiaries to the Labs and others, MIANO was paid a kickback based on a set percentage of the amount the Labs received from Medicare for performing the tests. These kickbacks were paid to MIANO through

eLab Partners Inc. by means of cash and by check and wires. For instance, on or about February 7, 2018, co-conspirator 1 wired approximately $20,000 to a company controlled by MIANO's business partner, D.A., in exchange for the referral of Medicare beneficiaries to co-conspirator 1, who then referred the beneficiaries to a laboratory. From January 2018 to April 2019, eLab Partners Inc. was paid approximately $12,466,572 in kickbacks. Of that amount, MIANO personally received approximately $3,412,619.

MIANO referred the Medicare beneficiaries to the Labs for genetic testing without regard to the medical necessity of the tests. MIANO understood that the tests were not ordered by a physician treating the beneficiary for any specific medical problem, symptom, illness or diagnosis. Instead, MIANO knew that the beneficiaries were recruited through call centers to receive the tests. MIANO understood that the tests were ordered by doctors, including telemedicine doctors, who were not going to use the results in the management of the beneficiary's specific medical problems. MIANO knew that the Labs billed Medicare for the genetic tests.

As a result of MIANO's participation in the conspiracy as a patient broker, Medicare paid the Labs approximately $17,869,208 they were not entitled to receive, based on patients procured through kickbacks.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning criminal activity in which I and others engaged. I make this statement knowingly and voluntarily and because I am in fact guilty of the crimes charged.

DATE: 9-16-19

CHRISTOPHER MIANO
Defendant

WILLIAM R. TUNKEY, ESQ.
NICHOLAS SURMACZ, ESQ.
JOHN COURIEL, ESQ.
Attorney for Defendant

2-5-20

TIMOTHY P. LOPER
Trial Attorney

3